Mamuka **KVINIKADZE**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–74070.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 6, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Mamuka Kvinikadze, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Jeffrey David Talbert, DOJ—U.S. Department of Justice Environmental Enforcement Section, Pamela S. West, DOJ—U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Mamuka Kvinikadze, a native and citizen of Georgia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's

and BIA's denial of petitioner's claims on the basis of an adverse credibility finding. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003). We grant the petition in part, deny the petition in part, and dismiss the petition in part.

■ Substantial evidence does not support the IJ's and BIA's adverse credibility determination. Kvinikadze plausibly and reasonably explained why he did not include two details from his asylum application—that he was cut during a beating by police and that he took a two-week trip. *See Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir.2000) (reversing where IJ based adverse credibility determination on the omission of a detail of petitioner's persecution from an asylum application).

Kvinikadze's contention that the IJ's reliance on the asylum officer's notes affected his proceedings fails because Kvinikadze did not specify what prejudice he suffered. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition with respect to this claim.

■ Finally, we lack jurisdiction to review Kvinikadze's contention that the IJ was biased, because Kvinikadze failed to exhaust his administrative remedies. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir.2001). We dismiss the petition with respect to this claim.

We grant the petition with respect to the asylum, withholding of removal and CAT claims, and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

---

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**